Dexter BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–00–00311–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 20, 2001.

Steven Greenlee, Missouri City, for appellant.

S. Ealine Roch, Houston, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and BAIRD.

## OPINION

BAIRD,* Justice.

Appellant was charged in two separate indictments with the offenses of murder and aggravated robbery. A prior felony conviction was alleged in each indictment for the purpose of enhancing the range of punishment. The cases were consolidated into a single trial. The jury acquitted appellant of the murder accusation, but convicted him of aggravated robbery. Following appellant's plea of true to the enhancement allegation, the trial court assessed punishment at forty years confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant raises three points of error. We affirm.

---

* Former Judge Charles F. Baird sitting by assignment.

1. Shortly after *Batson*, the Texas legislature enacted Article 35.261 of the Code of Criminal Procedure.

## I. Batson.

At the conclusion of the voir dire examination, the State and appellant made their peremptory strikes. The clerk then called the names of the first twelve who were not struck. Prior to the jury being sworn, appellant approached the bench and stated that he was African–American, and that the presumptive jury was all white because the State had peremptorily struck three African–American veniremembers. The trial court asked the State to proffer a race-neutral explanation for those strikes. The State disclosed that one veniremember had previously been charged with possession of a controlled substance; the charge was ultimately dismissed. The second veniremember was struck because he was a mechanic and the prosecutor was of the opinion that "mechanics aren't very honest." The third veniremember was struck because he was presently charged with the offense of prostitution. The trial court accepted these explanations as race-neutral and denied appellant's *Batson* motion.

 In the landmark case of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court held the State's use of racially discriminatory peremptory challenges violated the Equal Protection Clause.[1] In *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995), the Court delineated the three-step process for trial courts when confronted with a *Batson* challenge. First, the defendant must make a *prima facie* showing that the strike was made on an impermissible basis (e.g., race and sex).[2] When a *prima facie* case is made,

---

2. The rationale and holding of *Batson* has been extended to gender. *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 145, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); *Fritz v. State*, 946 S.W.2d 844, 847 (Tex.Crim.App.1997).

the burden of production shifts to the State to provide a neutral reason for the strike. If a neutral explanation is proffered, the trial court must decide whether the defendant has proved purposeful discrimination. 514 U.S. at 767–68, 115 S.Ct. at 1770–71. Appellate courts review the trial court's ruling on a *Batson* motion under the clearly erroneous standard of review. *See Pondexter v. State*, 942 S.W.2d 577, 581 (Tex.Crim.App.1996). To hold the trial court's decision was clearly erroneous, the appellate court must be left with a "definite and firm conviction that a mistake has been committed." *Vargas v. State*, 838 S.W.2d 552, 554 (Tex.Crim.App. 1992).

 By objecting before the jury was sworn, appellant timely raised the *Batson* issue. *Henry v. State*, 729 S.W.2d 732, 736 (Tex.Crim.App.1987); *Miller v. State*, 692 S.W.2d 88, 93 (Tex.Crim.App.1985). We need not determine whether appellant made a *prima facie* case; that issue became moot when the State offered its explanations. *Malone v. State*, 919 S.W.2d 410, 412 (Tex.Crim.App.1996).[3] Turning to the second step, the State's explanation will be deemed neutral unless a discriminatory intent is inherent. *Guzman v. State*, 20 S.W.3d 237, 241 (Tex.App.—Dallas 2000, pet. grt'd) (citing *Hernandez v. New York*, 500 U.S. 352, 360, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)). In the instant case, each explanation was facially neutral. Appellant did not quarrel with the State striking the veniremembers on the basis of their past and current criminal charges. However, appellant argued that striking the veniremember on the basis of employment was not race-neutral. We have held that striking a veniremember based upon his type of employment and the prosecutor's poor success with that type of worker, "is a race neutral explanation for exer-

cising a peremptory strike." *Barnes v. State*, 855 S.W.2d 173, 174 (Tex.App.— Houston [14th Dist.] 1993, pet. ref'd). Consequently, we hold the trial court's denial of appellant's *Batson* motion was not clearly erroneous. The first point of error is overruled.

## II. Ownership of Unlawfully Possessed Property.

The second and third points of error contend the evidence is legally and factually insufficient to support the jury's verdict.

### A. Standards of Appellate Review.

 When we are asked to determine whether the evidence is legally sufficient to sustain a conviction we employ the standard of *Jackson v. Virginia* and ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). However, under a factual sufficiency review, the evidence is viewed in a neutral light favoring neither party. *Clewis v. State*, 922 S.W.2d 126, 134 (Tex.Crim.App. 1996). If the complaining party is attacking the factual sufficiency of an adverse finding on an issue on which he did *not* have the burden of proof, he must demonstrate that there is insufficient evidence to support the adverse finding. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). The appellate court should set aside the trial court's verdict only if the evidence standing alone is so weak as to be clearly wrong and manifestly unjust. *Id.* at 10.

### B. Argument and Analysis.

Robbery is, in essence, two offenses, an assault and a theft. 6 Michael B. Charl-

---

**3.** Even if *Malone* did not render moot the prima facie issue, we would nevertheless hold appellant met the first prong. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1723.

TON, TEXAS PRACTICE: TEXAS CRIMINAL LAW § 16.4 (1994). Our penal code provides that an offense is committed if the actor engages in assaultive conduct, while in the course of committing theft, and with the intent to obtain or maintain control of the property. TEX. PENAL CODE ANN. § 29.02. Theft is defined as the unlawful appropriation of property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03. Owner means a person who either has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor; or is a holder in due course of a negotiable instrument. TEX. PENAL CODE ANN. § 1.07(a)(35). To comply with these statutory requirements, the instant indictment alleged that appellant engaged in assaultive conduct "while in the course of committing theft of property owned by [the complainant]."

In common parlance, the instant case may be described as "a drug deal gone bad." The property, which was the object of the underlying theft, was cocaine. Appellant contends the evidence is insufficient to prove the complainant "owned" the property. Specifically, appellant argues that since possession of cocaine is unlawful, the complainant had no right to its possession, much less a greater right than appellant.

■ As noted above, section 1.07(a)(35) authorizes ownership to be proven in any one of four ways: (1) having title to the property; (2) having possession of the property, whether lawful or not; (3) having a greater right to possession of the property; or, (4) being a holder in due course of a negotiable instrument. When interpreting a statute, we look to its literal text for its meaning, and we give effect to that text unless application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, or if the plain language is ambiguous. *Badgett v. State*, 42 S.W.3d 136, 138 (Tex.Crim.App.2001) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991)). The literal text of section 1.07(a)(35) could not be more clear; a person may own property even if possession of that property is unlawful. The question, therefore, is whether giving effect to that plain language would lead to absurd consequences.

■ We do not foresee any such consequences from a literal interpretation of the statute. On the other hand, appellant's interpretation would effectively rewrite every statute that encompasses the definition of owner, and impose upon the State, in many such cases, the additional burden of proving lawful possession. More importantly, it would permit those intent on committing an ownership-related-offense to escape prosecution if the person in possession of the property was not the lawful owner. This would foster a dangerous environment effectively creating an open season for criminals to prey on those who may not have lawful possession of the object property. These are consequences the legislature could not have intended.

■ Furthermore, appellant's argument focuses entirely upon the third method of ownership of section 1.07(a)(35), namely greater right to possession. In doing so, the argument overlooks the second method of ownership: possession, whether lawful or not. In addition to the "literal text" rule of statutory construction discussed above, another rule of statutory interpretation is to construe the statute, if at all possible, so as to give effect to all of its parts, so that no part is to be construed as void or redundant. *Badgett*, 42 S.W.3d at 139. Appellant's interpretation would render the second method of ownership ineffective. Therefore, appellant's interpretation fails for this reason also.

For these reasons, we hold that for purposes of section 1.07(a)(35), ownership may be proved even if the complainant unlawfully possessed the property that was the object of the appropriation. Based upon this holding, we find the evidence legally and factually sufficient to support the jury's verdict. *Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789, and *Johnson,* 23 S.W.3d at 7. Accordingly, the second and third points of error are overruled.

The judgment of the trial court is affirmed.