NO. 07-04-0287-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 20, 2005


______________________________



JESSE STEVEN SORRELLS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 9001; HON. WILLIAM D. SMITH, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant, Jesse Steven Sorrells, appeals his conviction for aggravated robbery. 
The two issues before us concern whether the evidence was legally and factually sufficient
to support the verdict. Appellant contends that it was neither because the monies he
sought from the victim, William Armijo, were proceeds of a drug sale allegedly belonging
to the appellant. According to the record, Armijo sold drugs for appellant, and appellant
sought to obtain the proceeds from one such sale by striking Armijo on the head with a
hammer. We overrule the issues and affirm the judgment.

 Again, appellant asserts that he could not be convicted of robbery because the
money he tried to beat out of Armijo was actually appellant's. In short, according to
appellant, one cannot steal (via a robbery) that purportedly belonging to him. We disagree
for one need only be in possession of the property sought to be considered an owner.

 That is, aggravated robbery occurs when a person commits a robbery and causes
serious bodily injury to another or uses or exhibits a deadly weapon. Tex. Pen. Code Ann.
§29.03 (a)(1) & (2) (Vernon 2003). In turn, one commits robbery when, in the course of
committing a theft and with intent to obtain or maintain control of property, he intentionally,
knowingly, or recklessly causes bodily injury to another. Id. §29.02(a)(1). Furthermore,
theft occurs when someone unlawfully appropriates property with intent to deprive the
owner of property. Id. §31.03(a) (Vernon Supp. 2004-05). And, the appropriation is
unlawful if done without the owner's effective consent. Id. §31.03(b)(1). And, finally, an
owner includes, among others, someone in "possession of the property, whether lawful or
not." Id. §1.07(a)(35)(A); see Brown v. State, 56 S.W.3d 915, 919 (Tex. App.--Houston
[14th Dist.] 2001, no pet.) (holding that one method of ownership is possession). 

 To the extent that Armijo had possession of the property appellant desired, and
irrespective of whether that possession was lawful, he was deemed an owner of it for
purposes of theft, robbery and aggravated robbery. And, no one disputes that appellant
thought Armijo had, or possessed, the money in question. 

 And, to the extent that appellant may not have succeeded in obtaining any money
from Armijo, that is of no import. Simply put, one need not complete a theft to commit
robbery. Woodberry v. State, 547 S.W.2d 629, 631 n.1 (Tex. Crim. App. 1977); Caldwell
v. State, 943 S.W.2d 551, 552 (Tex. App.--Waco 1997, no pet.). This is so because "the
gravamen of robbery is the assaultive conduct and not the theft." Caldwell v. State, 943
S.W.2d at 552. 

 In sum, the evidence of ownership is both legally and factually sufficient to support
appellant's conviction for aggravated robbery. So, we affirm the judgment of the trial court.


 Brian Quinn 

 Justice 

Do not publish.



: 0.416667in; margin-bottom: 0.104167in">          Kelly Kanton Labaj and Third Coast Auto Group, L. P., Appellants, appeal from the 
judgment entered in Cause No. D-1-GN-08-000492. The judgment was filed on March 13,
2009, a motion for new trial was filed April 6, 2009, and notice of appeal was filed on June
11, 2009.



          This Court is obligated to determine, sua sponte, its jurisdiction to entertain an
appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied),
citing New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). A
timely notice of appeal invokes this Court’s jurisdiction. See Tex. R. App. P. 25.1 & 26.1. 
See also Garza v. Hibernia Nat. Bank, 227, S.W.3d 233 (Tex.App.–Houston [1st Dist.]
2007, no pet.). 
          A review of the Clerk’s Record reveals that the case was tried February 23, 2009,
and the judgment was submitted to the Court for signature on March 9, 2009. Because
the judgment bears no signature date, even though the judgment in question was filed on
March 13, 2009, we are unable to determine the date the judgment was signed. The date
the judgment was signed is critical to a determination of our jurisdiction because if the
judgment was signed prior to March 13, 2009, the notice of appeal was not timely. 
          Provided, however, a notice of appeal filed within fifteen days after the deadline for
filing, may still be considered timely if the party filing the notice provides this Court with a
reasonable explanation for the late notice. See Tex. R. App. P. 26.3. See also Jones v.
City of Houston, 976 S.W.2d 676, 677 (Tex. 1998). Because the notice of appeal in this
case was potentially filed late, and because the notice of appeal was potentially filed within
fifteen days of the deadline for filing, in order to determine its jurisdiction, this Court must
determine when the judgment was signed, and if the notice of appeal was untimely,
whether Appellants have a reasonable explanation for the late notice of appeal.
          Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to determine the following:
           1.       the date the judgment was signed; and
 
          2.       if the judgment was signed prior to March 13, 2009, any
explanation as to why Appellants filed their Notice of Appeal 
late.
 
          On or before September 21, 2009, the trial court shall enter an order containing
findings of fact and conclusions of law addressing those issues and it shall cause that
order to be included in a supplemental clerk’s record to be submitted to this Court. In
addition, upon the filing of that order, the trial court shall cause a copy thereof to be mailed
to this Court. 
          It is so ordered.
 
Per Curiam