NO. 07-04-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 20, 2005

_____

JESSE STEVEN SORRELLS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 9001; HON. WILLIAM D. SMITH, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant, Jesse Steven Sorrells, appeals his conviction for aggravated robbery. The two issues before us concern whether the evidence was legally and factually sufficient to support the verdict. Appellant contends that it was neither because the monies he sought from the victim, William Armijo, were proceeds of a drug sale allegedly belonging to the appellant. According to the record, Armijo sold drugs for appellant, and appellant sought to obtain the proceeds from one such sale by striking Armijo on the head with a hammer. We overrule the issues and affirm the judgment.

Again, appellant asserts that he could not be convicted of robbery because the money he tried to beat out of Armijo was actually appellant's. In short, according to appellant, one cannot steal (via a robbery) that purportedly belonging to him. We disagree for one need only be in possession of the property sought to be considered an owner.

That is, aggravated robbery occurs when a person commits a robbery and causes serious bodily injury to another or uses or exhibits a deadly weapon. TEX. PEN. CODE ANN. §29.03 (a)(1) & (2) (Vernon 2003). In turn, one commits robbery when, *in the course of committing a theft and with intent to obtain or maintain control of property*, he intentionally, knowingly, or recklessly causes bodily injury to another. *Id*. §29.02(a)(1). Furthermore, theft occurs when someone unlawfully appropriates property with intent to deprive *the owner* of property. *Id.* §31.03(a) (Vernon Supp. 2004-05). And, the appropriation is unlawful if done without the *owner's* effective consent. *Id.* §31.03(b)(1). And, finally, an owner includes, among others, someone in "possession of the property, whether lawful or not." *Id.* §1.07(a)(35)(A); *see Brown v. State,* 56 S.W.3d 915, 919 (Tex. App.--Houston [14th Dist.] 2001, no pet.) (holding that one method of ownership is possession).

To the extent that Armijo had possession of the property appellant desired, and irrespective of whether that possession was lawful, he was deemed an owner of it for purposes of theft, robbery and aggravated robbery. And, no one disputes that appellant thought Armijo had, or possessed, the money in question.

And, to the extent that appellant may not have succeeded in obtaining any money from Armijo, that is of no import. Simply put, one need not complete a theft to commit robbery. *Woodberry v. State,* 547 S.W.2d 629, 631 n.1 (Tex. Crim. App. 1977); *Caldwell v. State,* 943 S.W.2d 551, 552 (Tex. App.--Waco 1997, no pet.). This is so because "the

2

gravamen of robbery is the assaultive conduct and not the theft." *Caldwell v. State,* 943 S.W.2d at 552.

In sum, the evidence of ownership is both legally and factually sufficient to support appellant's conviction for aggravated robbery. So, we affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.