Lester Darnell CALDWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–96–170–CR.

Court of Appeals of Texas,
Waco.

April 23, 1997.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

Kyle Hawthorne, Bruchez, Goss, Thornton, Meronoff, Michel & Hawthorne, P.C., Bryan, for appellant.

Bill R. Turner, District Attorney, Kerry Mason, Asst. District Attorney, Bryan, for appellee.

## OPINION

DAVIS, Chief Justice.

A jury convicted Lester Darnell Caldwell for the offense of Aggravated Robbery and assessed punishment at twelve years' confinement and a $1,000 fine. Caldwell now appeals his conviction complaining the trial court erred in denying his motion for instructed verdict because the evidence was insufficient to prove he committed theft with the intent to obtain and maintain control of the property. He also complains the evidence is insufficient to prove he committed aggravated robbery. We affirm the trial court.

On December 15, 1995, Rachelle Rotsch, a bank teller at Homestead Savings Bank, looked up to acknowledge an entering customer and then resumed her activities. She recognized Caldwell as the person she had earlier observed walking across the parking lot in front of the bank wearing a ski hat/mask. Joan Butler, another teller, looked up to see Caldwell pull the ski mask over his face. Rotsch then heard a commotion coming from the teller counter and stopped her activities to investigate. As she walked towards the counter, she saw Caldwell leap over the counter and grab Butler. After grabbing Butler, Caldwell put a knife to her throat. Rotsch heard Caldwell say "Give me the money." With the knife at her throat, Butler walked to her station and began putting money in Caldwell's bag. Caldwell then pushed Butler to the ground and leapt over

the counter. As Butler leaned forward to push the alarm button, she saw Caldwell lift his mask and grab a handful of money from the bag. Caldwell threw the money to the ground and stated "This is counterfeit." After this Caldwell ran out of the bank. The State indicted Caldwell for aggravated robbery because he "intentionally and knowingly while in the course of committing theft of property" threatened Butler with a deadly weapon—the knife.

In his first point of error, Caldwell claims that the trial court erred in denying his motion for instructed verdict because the evidence was insufficient to prove he committed theft of property with the intent to obtain and control the property. Caldwell's second point alleges that the evidence is insufficient to prove he committed aggravated robbery. The crux of Caldwell's two points is that the evidence is insufficient to prove he intended to deprive the owner of what he thought was counterfeit money or that any money was taken. Caldwell contends no evidence exists to prove this because he threw the property down before he left the bank.

A challenge to the trial judge's ruling on a motion for instructed verdict is in actuality a challenge to the legal sufficiency of the evidence to support the conviction. *Cook v. State,* 858 S.W.2d 467, 470 (Tex.Crim.App. 1993); *Scott v. State,* 905 S.W.2d 783, 784 (Tex.App.—Waco 1995, pet. ref'd). A complaint about the "sufficiency" of the evidence will be construed as a legal sufficiency challenge. *See Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App.1996) (claim of factual insufficiency must be properly raised). We limit our review to determine only if the evidence is legally insufficient. Thus, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *Geesa v. State,* 820 S.W.2d 154, 157 (Tex.Crim.App.1991); *Woodard v. State,* 931 S.W.2d 747, 751–52 (Tex.App.—Waco 1996, no pet.); *Scott,* 905 S.W.2d at 784–85.

■ The elements of aggravated robbery are: (1) a person; (2) in the course of committing theft; (3) with intent to obtain or maintain control of property; (4) intentionally, knowingly, or recklessly; (5) causes, threatens, or places another in fear of; (6) imminent bodily injury or death; and (7) uses or exhibits; (8) a deadly weapon. TEX. PENAL CODE ANN. § 29.02–.03 (Vernon 1994); *Silva v. State,* 933 S.W.2d 715, 718 (Tex. App.—San Antonio 1996, no pet.); *Harper v. State,* 930 S.W.2d 625, 630 (Tex.App.—Houston [1st Dist.] 1996, no pet.). The phrase "in the course of committing theft" means conduct which occurs in an attempt to commit, during commission, or in immediate flight after the attempt or commission of theft. *Harper,* 930 S.W.2d at 630; *Purser v. State,* 902 S.W.2d 641, 647 (Tex.App.—El Paso 1995, no pet.). Although an intent to steal must be shown in order to prove an attempted theft, this intent may be inferred from circumstantial evidence. *Wolfe v. State,* 917 S.W.2d 270, 275 (Tex.Crim.App.1996). The actual commission of the offense of theft is not a prerequisite to the commission of the offense of robbery; the gravamen of robbery is the assaultive conduct and not the theft. *Purser,* 902 S.W.2d at 647. Therefore, proof of a completed theft is not required to establish a robbery. *Wolfe,* 917 S.W.2d at 275; *Dillard v. State,* 931 S.W.2d 689, 696 (Tex. App.—Dallas 1996, pet. ref'd, untimely filed); *Finley v. State,* 917 S.W.2d 122, 125 (Tex. App.—Austin 1996, pet. ref'd).

The testimony showed that Caldwell entered Homestead Savings Bank, grabbed Butler, placed a knife to her throat, and demanded the money from her teller drawer. Although Caldwell contends that the State produced no evidence to show that he committed theft of property with the intent to obtain and control the property because he left the property in the bank, a witness testified she saw Caldwell running from the bank with a bag matching the description of the one in which Butler said she placed the money. Butler also testified that she feared Caldwell would slice her throat if she did not do as he commanded.

■ After reviewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable trier of fact would be justified in concluding that Caldwell committed aggravated robbery while in the

course of committing theft with the intent to obtain and control the property. As such, the evidence is sufficient to support Caldwell's conviction. Therefore, we overrule points one and two.

We affirm the judgment.