Williamson-Rickey Glenn v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-266-CR

     RICKY GLENN WILLIAMSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 77th District Court
Limestone County, Texas
Trial Court # 8375-A
                                                                                                                 

O P I N I O N
                                                                                                                 

      This is an appeal by Appellant Williamson from his sentence of 30 years in the Texas
Department of Criminal Justice - Institutional Division.
      Appellant was indicted for aggravated assault with a motor vehicle enhanced by two prior
felony convictions.
      On June 7, 1994, Appellant was driving Angela Phillips and their seven-month-old daughter
on Road 937 between Groesbeck and Aletha. Tony Messina, who had dated Angela, was driving
on the same road. Appellant saw Messina’s truck and stated to Angela, “There’s that ——. I’m
going to get him.” Appellant fell in behind Messina. When Messina turned into he Old Union
Store lot and parked, Williamson turned into the lot; backed toward Messina’s truck, accelerated
and rammed the truck, causing injury to Messina and damage to his truck.
      At trial a jury found Appellant guilty and assessed his punishment at 62 years in prison. On
appeal this court affirmed the conviction but remanded the case for a new punishment hearing due
to an erroneous instruction in the charge on parole.
      On retrial as to punishment only, Appellant pled “Not True” to the two enhancement
allegations in the indictment. The jury found both allegations of prior felony convictions to be 
“True” and assessed Appellant’s punishment at 30 years in prison.
      Appellant now appeals on three points of error.
      Point 1 asserts the evidence was insufficient to prove the enhancement allegations beyond a
reasonable doubt or to prove that defendant was the same defendant convicted in Cause Nos. 6636-A and 7391-A (the prior felony convictions alleged in the indictment).
      A complaint about the “sufficiency” of the evidence will be construed as a legal sufficiency
challenge. Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996) (claim of factual sufficiency
must be properly raised); Caldwell v. State, 943 S.W.2d 551, 552 (Tex. App.—Waco 1997, no
pet.). Thus we view the evidence in the light most favorable to the prosecution and determine
whether any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Geesa v. State, 820 S.W.2d 154, 157 (Tex. Crim. App. 1991).
      State’s Exhibit 1, the judgment in Cause No. 6636-A, was admitted into evidence and reflects
that Ricky Williamson was convicted of burglary of a habitation on March 3, 1983, and assessed
8 years in TDCJ-ID and a $500 fine; that Appellant was placed on probation and that on August
9, 1983, Appellant’s probation was revoked and he was sentenced to 6 years in TDCJ-ID.
      State’s Exhibit 2, the judgment in Cause No. 7391-A, was admitted into evidence and reflects
that Ricky Williamson was convicted of burglary of a building and sentenced on September 28,
1989, to 8 years in TDCJ-ID.
      Sammie Hayden, Adult Probation Officer of Limestone County, testified that he knew Ricky
Williamson; that he supervised him on a probation case in 1983; that such was Cause No. 6636-A;
that Ricky’s probation was later revoked and that he went to the penitentiary; that Ricky was sitting
in the courtroom next to his attorney and he is the same Ricky Williamson who was on probation
in Cause No. 6636-A.
      William Groth, a criminal investigator for the Limestone County District Attorney’s office
testified that he knew Ricky Williamson and identified him in the courtroom; that he is the same
Ricky Williamson who was convicted in State’s Exhibits 1 and 2; and that he was present when
Ricky was convicted in the Exhibit 2 case.
      The evidence is more than sufficient to prove the enhancement allegations beyond a reasonable
doubt and to prove that Appellant is the same person convicted in Cause Nos. 6636-A and 7391-A.
      Point 1 is overruled.
      Point 2 asserts the trial court erred by asking Appellant in the presence of the jury if the prior
convictions alleged for enhancement purposes were true.
      The trial court read the enhancement paragraphs of the indictment to Appellant and asked him,
“How do you plead to allegations of a prior felony conviction in Cause 7391-A,” and Appellant
stated, “Not True.” The judge then read the enhancement paragraph of the indictment in Cause
6636-A and Appellant responded, “Not True,” to the allegations.
      The trial proceeded exactly as it should have. No error is shown.
      Point 2 is overruled.
      Point 3 asserts Appellant received ineffective assistance of counsel at the retrial on punishment.
      Appellant’s complaints deal with the punishment in the re-sentencing phase of his trial. Ex
parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987), and Ex parte Duffy, 607 S.W.2d 507
(Tex. Crim. App. 1980), set the standard for review. These cases hold that effectiveness of counsel
in a sentencing phase is to be gauged by the totality of the representation of the accused, that is,
the court is to judge the full scope of the assistance and representation for effectiveness.
      Appellant’s conviction was previously affirmed. The case was remanded for re-sentencing
because of an error in the charge on parole. The evidence was overwhelming that Appellant had
two prior convictions. The range of punishment was life imprisonment or a term of not over 99
years or less that 25 years. The jury assessed 30 years.
      Applying the Duffy standard, we find that counsel’s representation of Appellant was not
ineffective.
      Point 3 is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 27, 1997
Do not publish