Royce Patrick Riley v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-202-CR

     ROYCE PATRICK RILEY,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2001-223-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury found Royce Patrick Riley guilty of aggravated robbery. He was sentenced to 75 years
in prison. On appeal, he contends the trial court erred in allowing the State to prove unadjudicated
offenses at punishment by hearsay and the evidence at guilt/innocence was legally and factually
insufficient to support the verdict. We affirm.
Background
      Jim Jack Thompson wanted either money or crack cocaine. He was a drug abuser and had
a criminal record. He and his girlfriend, Holly Henderson, went to the Taco Cabana restaurant
in Waco, Texas, where Thompson picked up three “dime bags” of marijuana. He was to pay the
supplier later. Henderson then drove Thompson to a known crack house where Riley was paged
to furnish crack for the marijuana. Henderson and Thompson sat on a couch, waiting for Riley. 
When Riley arrived, Thompson gave Riley his marijuana to be exchanged for a rock of cocaine. 
According to Thompson and Henderson, Riley decided to keep the marijuana without supplying
the crack. When Thompson protested, Riley threatened to shoot him. Thompson got up from the
couch and questioned, “What, what, shoot me?” Riley then shot Thompson in the stomach with
a .357 caliber handgun. When Henderson wanted to call for an ambulance, Riley threatened to
shoot her. She and Thompson managed to get to her vehicle, and she drove Thompson to the
hospital.
Hearsay
      In his first issue, Riley contends that the trial court allowed testimony of unadjudicated
offenses during punishment over a hearsay objection. The only hearsay objection which the trial
court overruled came at the beginning of Officer Reynold’s testimony. Any other objections made
on the basis of hearsay during the State’s punishment evidence were sustained. Because Officer
Reynolds had not yet begun to testify, Riley’s hearsay objection was premature. Riley made no
other objections during Officer Reynolds’s testimony.
      To present a complaint for appellate review, the complaint must be brought to the trial court’s
attention by a timely objection. See Tex. R. App. P. 33.1. Riley’s hearsay objection was not
timely. And, he did not ask for a running objection. Thus, Riley has presented nothing for
review, and his first issue is overruled.
Sufficiency of the Evidence
      In his next two issues, Riley contends that the evidence was both legally and factually
insufficient to support his conviction. Specifically, Riley argues that the evidence was legally
insufficient as to the element of “in the course of committing theft.” He also specifically argues
that there was no causal connection between the theft and the injury, rendering the evidence
factually insufficient. 
      A "legal sufficiency of the evidence review does not involve any weighing of favorable and
non-favorable evidence." Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000)
(citing Cardenas v. State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000)). Instead, a legal-sufficiency review calls upon the reviewing court to view the relevant evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Id. See also Jackson v. Virginia, 443
U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Mason v. State, 905 S.W.2d 570, 574 (Tex.
Crim. App. 1995).
      In reviewing a challenge to the factual sufficiency of the evidence, we must view all the
evidence without the prism of the “in the light most favorable to the prosecution” construct. See
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We ask “whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.” Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex.
Crim. App. 2001).
      We must also remain cognizant of the factfinder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is not
manifestly unjust as to the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).
      A person commits aggravated robbery if he commits robbery and causes serious bodily injury
to another. Tex. Pen. Code Ann. § 29.03(a)(1) (Vernon 2003). A person commits robbery if,
in the course of committing theft and with intent to obtain or maintain control of the property, he
causes bodily injury to another. Tex. Pen Code Ann. § 29.02(a)(1) (Vernon 2003). "In the
course of committing theft" means conduct that occurs in an attempt to commit, during the
commission, or in immediate flight after the attempt or commission of theft. Tex. Pen. Code
Ann. § 29.01(1) (Vernon 2003). A person commits theft if he unlawfully appropriates property,
meaning without the owner’s effective consent, with intent to deprive the owner of property. Tex.
Pen. Code Ann. §31.03(a) & (b) (Vernon Supp. 2004). The gravamen of robbery is the
assaultive conduct and not the theft. Caldwell v. State, 943 S.W.2d 551, 552 (Tex. App.—Waco
1997, no pet.).
       Although Thompson willingly gave Riley the marijuana to trade for crack, the theft occurred
when Riley decided to keep it without giving Thompson the crack and without Thompson’s
consent. During the commission of this theft, and in an effort to maintain control of the
marijuana, Riley shot Thompson. The evidence is legally sufficient to support the element of “in
the course of committing theft.” Riley’s second issue is overruled.
      Riley testified that he gave Thompson crack in exchange for the marijuana. He stated that
Thompson smoked the crack and when he did not like its quality, demanded his marijuana back. 
Riley stated that when Thompson stood up from the couch, Riley thought he was under attack and
shot Thompson. On appeal, Riley argues that there was no nexus between the shooting and the
theft, citing his own versions of the events. The jury could have disbelieved Riley’s version of
the events.
      After a neutral review of all the evidence, the proof of guilt is not so obviously weak as to
undermine confidence in the jury’s determination nor is the proof of guilt greatly outweighed by
contrary proof. Riley’s third issue is overruled.
Conclusion
      Having overruled each issue for review, we affirm the trial court’s judgment.
 
                                                                         TOM GRAY
                                                                         Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Affirmed 
Opinion delivered and filed December 31, 2003
Do not publish
[CRPM]