NO. 07-03-0233-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 9, 2004



______________________________




RODNEY DARNELL BROOKS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 45,882-C; HONORABLE RICHARD DAMBOLD, JUDGE



_______________________________






Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)



MEMORANDUM OPINION




 Following his plea of not guilty, appellant Rodney Darnell Brooks was convicted by
a jury of aggravated assault with a deadly weapon and sentenced to six years confinement. 
Presenting two issues, appellant contends the trial court erred in denying his motion for
directed verdict to the indicted offense of aggravated robbery where the State failed to
prove an essential element of the offense, to-wit: theft of property. By his second issue,
he contends the trial court erred in denying his motion for directed verdict to the indicted
offense of aggravated robbery where the jury found him guilty of the lesser included offense
of aggravated assault. We affirm.

 Although appellant was indicted for the offense of aggravated robbery, he was found
guilty of the lesser included offense of aggravated assault with a deadly weapon. As
material here, the indictment alleged that appellant

 did then and there while in the course of committing theft of property; to wit,
good and lawful United States currency, and with the intent to obtain and
maintain control of said property, intentionally and knowingly caused bodily
injury to Roger Turner by striking him about the head. And the Defendant did
then and there use and exhibit a deadly weapon, to wit: a piece of wood, that
in the manner and means of its use or intended use was capable of causing
death or serious bodily injury. 


After the trial court overruled appellant's motion for directed verdict and appellant rested,
the court submitted the charge to the jury which included charges of aggravated robbery
as alleged in the indictment and the lesser included offenses of robbery or aggravated
assault with a deadly weapon. 

 By his two issues, appellant contends the trial court erred in denying his motion for
directed verdict on the indicted offense of aggravated robbery because the State failed to
prove an essential element of the crime and because the jury found him guilty of the lesser
included offense of aggravated assault. We disagree. The standard of review applicable
to the denial of a motion for directed verdict is the same as that applied in reviewing the
legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Cr.App.
1996); Havard v. State, 800 S.W.2d 195, 199 (Tex.Cr.App. 1989). We view all the
evidence presented during the guilt/innocence phase and if it is sufficient to support the
verdict, the trial court did not err in overruling the motion for directed verdict. Madden v.
State, 799 S.W.2d 683, 686 (Tex.Cr.App. 1990), cert. denied, 499 U.S. 954, 111 S.Ct.
1432, 113 L.Ed.2d 483 (1991).

 The elements of aggravated robbery are (1) a person (2) in the course of committing
theft (3) with intent to obtain or maintain control of property (4) intentionally, knowingly, or
recklessly (5) causes, threatens, or places another in fear of (6) imminent bodily injury, or
death, and (7) uses or exhibits (8) a deadly weapon. Tex. Pen. Code Ann. § 29.02-.03
(Vernon 1994). See Caldwell v. State, 943 S.W.2d 551, 552 (Tex.App.--Waco 1997, no
pet.).

 Appellant contends the State failed to prove that he appropriated property from the
victim, i.e. good and lawful United States currency . . . ." The victim testified that at the time
of the offense he did not have any money and appellant did not take any money from him. 
However, the State argues that the gravamen of the offense is assaultive conduct and not
theft. 

 In Ex Parte Hawkins, 6 S.W.3d 554, 560 (Tex.Cr.App. 1999), noting that robbery is
an assaultive offense under the Penal Code, the Court held that robbery is a form of
assault. In Caldwell, 943 S.W.3d at 552, the court held:


 the phrase "in the course of committing theft," means conduct which
occurs in an attempt to commit, during commission, or in immediate
flight after the attempt or commission of theft;
 the actual commission of the offense of theft is not a prerequisite to
the commission of the offense of robbery; and
 the gravamen of robbery is the assaultive conduct and not the theft.



Following these holdings, the court then concluded that proof of completed theft is not
required to establish robbery. Id.

 The holding in Caldwell is similar to the posture of the evidence and appellant's
issues. Concluding that the analysis in Caldwell applies, we hold the trial court did not err
in denying appellant's motions for directed verdict. Appellant's issues are overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.


rrow the needed funds; and 4) knew of no source from which the
money could have been borrowed or legally obtained. Tex. Fam. Code Ann. § 157.008(c)
(Vernon 2007).


 

          The record before this court consists of the reporter’s record from the original writ
of habeas corpus hearing before the trial court and the affidavit of Nash filed with his
application for writ of habeas corpus in this Court. The sum and substance of the
testimony and Nash’s affidavit is essentially the same and may be summarized as follows:

1.       Nash works as a cook in a restaurant for $6.00 per hour as part of
work release through the Potter County Jail.

2.       He was originally working 8 hours per day, but began working 12
hours per day a couple of months before the hearing.

3.       He has no bank accounts nor does he have any cash on hand.

4.       He owns no property that can be sold to pay the money required.

5.       He knows of no one that he can borrow the money from.

 
Based upon this evidence, Nash asks this Court to find that he is being illegally restrained
and to order his release. 

          The Office of the Attorney General and the Potter County Attorney’s Office have
filed a response to the application for the writ wherein they allege that Nash has failed to
carry his burden of proof on the issue of inability to pay. Specifically, both allege that the
evidence fails to show that Nash has, in fact, attempted to borrow the funds to pay the
amount owed. According to this reasoning, Nash has therefore failed to show all of the
elements of the affirmative defense set forth in the Texas Family Code. See
§157.008(c)(3).

          Analysis of the testimony and affidavit of Nash leads to the conclusion that his
statement that he knows of no one he can borrow the money from are, at best, conclusory. 
This type of conclusory statement does not meet the requirement of conclusively
establishing an inability to pay. In re Hammond, 155 S.W.3d 222, 228 (Tex.App.–El Paso
2004, no pet.) (citing Ex parte Rojo, 925 S.W.2d at 656). Further, this statement does not
indicate that Nash actually attempted to borrow the needed funds, as required by the
statute. See § 157.008(c)(3). Because this inability to perform defense is an affirmative
defense, it was Nash’s burden to prove each statutory element.

          Concluding that Nash has failed to prove the affirmative defense of his inability to
meet the condition set for his release by the trial court, we deny Nash’s petition and
remand him to the custody of the Potter County Sheriff until such time as he purges himself
of the contempt or until further orders of the trial court are entered. 

 
                                                                           Mackey K. Hancock

                                                                                     Justice