NO. 07-03-0233-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 9, 2004

_____

RODNEY DARNELL BROOKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 45,882-C; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Rodney Darnell Brooks was convicted by a jury of aggravated assault with a deadly weapon and sentenced to six years confinement.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Presenting two issues, appellant contends the trial court erred in denying his motion for directed verdict to the indicted offense of aggravated robbery where the State failed to prove an essential element of the offense, to-wit: theft of property. By his second issue, he contends the trial court erred in denying his motion for directed verdict to the indicted offense of aggravated robbery where the jury found him guilty of the lesser included offense of aggravated assault. We affirm.

Although appellant was indicted for the offense of aggravated robbery, he was found guilty of the lesser included offense of aggravated assault with a deadly weapon. As material here, the indictment alleged that appellant

> did then and there while in the course of committing theft of property; to wit, good and lawful United States currency, and with the intent to obtain and maintain control of said property, intentionally and knowingly caused bodily injury to Roger Turner by striking him about the head. And the Defendant did then and there use and exhibit a deadly weapon, to wit: a piece of wood, that in the manner and means of its use or intended use was capable of causing death or serious bodily injury.

After the trial court overruled appellant's motion for directed verdict and appellant rested, the court submitted the charge to the jury which included charges of aggravated robbery as alleged in the indictment and the lesser included offenses of robbery or aggravated assault with a deadly weapon.

By his two issues, appellant contends the trial court erred in denying his motion for directed verdict on the indicted offense of aggravated robbery because the State failed to

prove an essential element of the crime and because the jury found him guilty of the lesser included offense of aggravated assault. We disagree. The standard of review applicable to the denial of a motion for directed verdict is the same as that applied in reviewing the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Cr.App. 1996); Havard v. State, 800 S.W.2d 195, 199 (Tex.Cr.App. 1989). We view all the evidence presented during the guilt/innocence phase and if it is sufficient to support the verdict, the trial court did not err in overruling the motion for directed verdict. Madden v. State, 799 S.W.2d 683, 686 (Tex.Cr.App. 1990), *cert. denied*, 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991).

The elements of aggravated robbery are (1) a person (2) in the course of committing theft (3) with intent to obtain or maintain control of property (4) intentionally, knowingly, or recklessly (5) causes, threatens, or places another in fear of (6) imminent bodily injury, or death, and (7) uses or exhibits (8) a deadly weapon. Tex. Pen. Code Ann. § 29.02-.03 (Vernon 1994). *See* Caldwell v. State, 943 S.W.2d 551, 552 (Tex.App.--Waco 1997, no pet.).

Appellant contends the State failed to prove that he appropriated property from the victim, *i.e.* good and lawful United States currency . . . ." The victim testified that at the time of the offense he did not have any money and appellant did not take any money from him. However, the State argues that the gravamen of the offense is assaultive conduct and not theft.

3

In Ex Parte Hawkins, 6 S.W.3d 554, 560 (Tex.Cr.App. 1999), noting that robbery is an assaultive offense under the Penal Code, the Court held that robbery is a form of assault. In *Caldwell*, 943 S.W.3d at 552, the court held:

- the phrase "in the course of committing theft," means conduct which occurs in an attempt to commit, during commission, or in immediate flight after the attempt or commission of theft;
- the actual commission of the offense of theft is not a prerequisite to the commission of the offense of robbery; and
- the gravamen of robbery is the assaultive conduct and not the theft.

Following these holdings, the court then concluded that proof of completed theft is not required to establish robbery. *Id.*

The holding in *Caldwell* is similar to the posture of the evidence and appellant's issues. Concluding that the analysis in *Caldwell* applies, we hold the trial court did not err in denying appellant's motions for directed verdict. Appellant's issues are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4