IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00255-CV

 

In
re Joseph Robert Riley

 

 



Original Proceeding

 



CORRECTED writ of mandamus










 

TO:     Honorable Michael Gassaway,
Visiting Judge of the County Court at Law Number Two of McLennan County

 

In accordance with the opinion and
judgment of this Court dated March 23, 2011, you are commanded, not later than
5:00 o’clock p.m. on May 11, 2011, to reinstate the order rendered, signed, and
entered on March 29, 2011 and, to the extent necessary to give that order effect,
you are ordered to withdraw the order dated April 21, 2011 because it
interferes with the enforcement of this Court’s opinion and judgment issued on
March 23, 2011.  

Signed this the 6th day of May,
2011. 

                                            
                    SHARRI ROESSLER, CLERK 

 

                                                                
By: _________________________________

                                                                        Nell
Hegefeld, Deputy Clerk

     

 

RETURN OF SERVICE

 

I certify that I delivered a true copy
of the foregoing Writ of Mandamus to Honorable Michael Gassaway, Visiting Judge
of the County Court at Law Number Two of McLennan County in person/by leaving
said copy with Cindy Moore, the Court Coordinator of the County Court at Law
Number Two of McLennan County, on the 6th day of May, 2011,  ____
o’clock __.m. 

 

                                                                
SHARRI ROESSLER, CLERK 

                                                                
Clerk, Tenth Court of Appeals 

 

 

                
                                                By:________________________________________

                                                                        






160;                                                                         
O P I N I O N
                                                                                                                

      Appellant Kim Newman, a/k/a “Black Rat,” shot a former school acquaintance three times
during a robbery outside a Dallas apartment complex. He was convicted by a jury of the offense
of aggravated robbery and was sentenced by the trial court to confinement for life after he pleaded
“true” to two prior felony offenses alleged as enhancement paragraphs. See Tex. Pen. Code
Ann. §§ 29.02-29.03 (Vernon 1994). He appeals, bringing two points of error: (1) the evidence
is factually insufficient to sustain the jury’s verdict; and (2) the trial court abused its discretion in
overruling his motion for continuance. We will affirm.
      Appellant advances two specific arguments in connection with his factual sufficiency
complaint: the evidence is insufficient to show appellant was in the course of committing theft at
the time the victim suffered his injury; and the evidence did not demonstrate appellant acted with
the specific intent to maintain control of the victim’s property.
      We begin with a review of the trial testimony. Timothy Harle spent the evening of October
1, 1998, visiting a friend at the Willow City Apartments while waiting for his fiancé to arrive. 
At approximately 8:30 p.m., Harle looked outside the friend’s apartment window and saw his
fiancé’s vehicle enter the parking lot. He left the apartment and began walking down the stairs
to meet her. As Harle continued to walk toward her vehicle he noticed someone walking near
him. As he turned he saw appellant, a childhood acquaintance, pointing a handgun at him with
one hand and drawing a second handgun from his waist with his other hand. Harle ran as
appellant began shooting. One bullet struck Harle in the leg. Appellant continued to chase Harle
as he fired. Harle fell, then got up and ran again. He was then struck by another bullet. Harle
again fell. Appellant approached him and told him “break yourself.” Harle testified that in street
parlance “break yourself” means to give up all money and valuables in your possession. Harle
responded “Man, I don’t have nothing,” to which appellant replied “Nigger, I said break yourself
before I kill you.” Although wounded, Harle again tried to run, but stopped after he was struck
by a third bullet. Harle then took approximately eight hundred dollars in cash out of his pocket,
threw it into the air, then stood up and ran. He banged on the door of a nearby residence and
asked for help. The resident declined to open the door but told him he would phone 911. Harle
survived his injuries but required extensive surgery because of bullet exit wounds through his
genitalia.
      Several defensive theories were advanced at trial. Appellant’s counsel argued that because
Harle was initially hesitant to name appellant as the assailant, that it was reasonable to believe
someone else committed the offense. Counsel also suggested that perhaps something other than
robbery motivated the shooting, and suggested Harle’s testimony that appellant wanted his
valuables was contradicted by the fact that the bullet’s struck Harle in the area of his buttocks
rather than his head. On appeal, counsel suggests a third theory: that the shooting may have been
motivated by an argument between Harle and an acquaintance of appellant several weeks earlier.


 
We are not persuaded the somewhat meager evidence supporting these theories required the jury
to reject the State’s theory that appellant shot Harle during a robbery.
      In reviewing the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Evidence is
factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse
finding is against the great weight and preponderance of the available evidence. Johnson, 23
S.W.3d at 11. Therefore, we must determine whether a neutral review of all the evidence, both
for and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Id. In performing this review, we are to give due
deference to the fact finder’s determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136. 
Consequently, we may find the evidence factually insufficient only where necessary to prevent
manifest injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).
      To prove aggravated robbery, the State was required to prove that appellant: (1) in the course
of committing theft; (2) with the intent to obtain or maintain control of property; (3) intentionally,
knowingly, or recklessly; (4) caused bodily injury or death; and that he (5) used or exhibited a
deadly weapon. Tex. Pen. Code Ann. §§ 29.02-29.03; Caldwell v. State, 943 S.W.2d 551, 552
(Tex. App.—Waco 1997, no pet.). Appellant maintains the evidence as to the first and second
elements is lacking in this case. We disagree. The fact that Harle was shot before he gave
appellant his money is inconsequential, as the jurors could have reasonably believed that appellant
shot Harle in order to prevent him from fleeing the robbery. Similarly, the jurors could have
rationally determined from the evidence that when appellant, using street language, communicated
to Harle he would kill him unless he gave him his valuables, appellant intended to obtain or
maintain control over that property. A factual sufficiency review of circumstantial evidence, such
as the element of intent, is the same in a factual sufficiency review as a review of direct evidence. 
See Desselles v. State, 934 S.W.2d 874, 878 (Tex. App.—Waco 1996, no pet.). Even if it were
not, we would still be constrained to overrule appellant’s complaint because the evidence of intent
is not so weak as to undermine confidence in the verdict.
      Our neutral review of all the evidence leads us to conclude that the evidence supporting
appellant’s guilt is not greatly outweighed by contrary proof and is not clearly wrong or manifestly
unjust. Point one is overruled.
      In his second point, appellant contends that the trial court abused its discretion in overruling
his motion for continuance. His specific argument is that a continuance was necessary because
he had refused to confer with his court appointed counsel until shortly before trial due to his
mistaken belief that his mother had retained another attorney to represent him.
      The decision granting or denying a motion for continuance is within the sound discretion of
the trial court. Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). In order to
establish an abuse of discretion, an appellant must show that the denial of his motion resulted in
actual prejudice. Id. In the context of a complaint that the denial of a continuance has resulted
in representation by counsel who was not prepared for trial, there must be a showing the defendant
was prejudiced by counsel’s inadequate preparation time. Heiselbetz v. State, 906 S.W.2d 500,
511 (Tex. Crim. App. 1995).
      In an attempt to show prejudice in the instant case, appellant argues that appellant’s initial
refusal to cooperate with appointed counsel placed him “in a bad position,” and that had appellant
cooperated with counsel sooner, “he may have been able to bring witnesses or show other
circumstances that would support a finding of not guilty.” Showing high ethical standards,
however appellate counsel notes: “admittedly, [appointed counsel] was able to have witnesses
subpoenaed after the trial began based on information the appellant provided to him.” No actual
prejudice is suggested by appellant. Lacking any tangible evidence of harm to appellant, we hold
that appellant has failed to show the requisite prejudice necessary to establish an abuse of
discretion on the part of the trial court. See Heiselbetz v. State, 906 S.W.2d at 512.
      In addition, appellant’s argument fails for a second reason. The record reflects appellant was
personally responsible for his earlier failure to consult with appointed counsel. Appellant’s motion
for continuance was made on December 13, 1999. Appellant’s appointed counsel, Hon. George
Ashford, filed numerous pretrial motions on appellant’s behalf beginning on August 31, 1999. 
The record also reflects that appellant had a history of representing to the trial court that he was
in the process of retaining outside counsel. After listening to appellant explain on the day of trial
that he mistakenly believed that his family had hired another attorney to represent him, the trial
court stated:
THE COURT: Well, you better sit down and tell [appointed counsel] who your witnesses are,
my friend. This case is going to come to a conclusion.
 
This is the same story I’ve been hearing all along. There’s always somebody else – just a
moment.

      [APPELLANT:] I’m not trying to give you no run-around.
 
THE COURT: Mr. Newman, every time this case has been set, there’s always somebody else
that’s going to come in here and rescue you from this lawyer.

      Your case is set today.

      Because appellant was responsible for his failure to communicate with appointed counsel, we
hold the trial court court did not abuse its discretion in denying appellant’s motion for continuance. 
See Rosales v. State, 841 S.W.2d 368, 372 (Tex. Crim. App. 1992) (noting historical record of
reversals for denial of continuance where counsel was not prepared “through no fault of the
accused”). Point two is overruled.
      The trial court’s judgment is affirmed.
 
DAVID L. RICHARDS
                                                                       Justice

Before Justice Vance,
          Justice Gray, and
          Justice Richards (Sitting by Assignment)
Affirmed 
Opinion delivered and filed May 30, 2001
Do not publish